Swing, J.
The controversy between the parties is here in two cases —one on error and one on appeal. They were heard together, and will be decided together. The question on appeal will be first considered.
The facts, in brief, pertinent to this question, are:
Callahan & Co. brought suit in the court of'common pleas on the notes given to them by said Ice Company, and asked for judgment. In addition to the allegations about the note the petition contains a number of other allegations. It is alleged that the company is insolvent. That it is being mismanaged in a number of ways, which are specified. That the corporation is not being managed in the interest of the stockholders. That it had mortgaged its property for the purpose of paying antecedent debts to its stockholders, and the court was asked to appoint a receiver, to take control and manage the property
The cause came on for hearing, and was submitted to the court on February 3, 1897. On the 4th day of February, the company made an assignment for the benefit of creditors to Tilden R. French, who, on said day, filed the deed of assignment and took possession of the property.
On the following day the court of common pleas appointed Edmond K. Stallo as receiver,and on the 6th day of February the court rendered a judgment directing the said French, who had theretofore been , made a party in said action, to turn the property over to said-receiver, and perpetually enjoined the said French from interfering with said receiver. From this judgment the case was brought here on appeal by said French.
The question presented is whether the assignee was rightfully in possession. It is claimed that he was not, by reason of the fact that he could get no rights as to the property while a proceeding was pending at the time of the assignment for the appointment of a receiver of the property.
*481 There is a conflict of authorities on the question here presented, but we will content ourselves with a brief statement of what we think the law is.
There can be no action for the appointment of a receiver. It can not be the ultimate relief sought. It is merely an ancillary proceeding. It is exercised by a court to preserve to it property upon which its subsequent judgment may operate It is in the nature of an attachment or execution before judgment.
It can not be an issuable fact in an action, and a party may obtain all the relief sought, and yet be denied his prayer for a receiver. So it seems to us that these authorities which hold that when an action is brought in which a receiver is asked for, the court obtains such a right to the possession of the property as to preclude another court in a proper case from seizing the property even before a receiver is appointed, are not founded in reason.
That a court once having got jurisdiction of the controversy may proceed to final adjudication without interruption by any other tribunal, we do not controvert; but the distinction, we think, to be drawn is that he appointment of a receiver is not the subject of the controversy, in that it is not a cause of action.
There was nothing in the action by Callahan & Co. which prevented the company from making an assignment for the benefit of creditors, and the court not having actually seized the property, the assignee of the company had a perfect right to take possession of the property under the deed of assignment.
As to the other branch of the case,as to whether the court erred in appointing a receiver.
The plaintiff’s petition contains but one cause of action, in our judgment, and that is upon the note for which judgment is asked, and the answer and cross-petition do not add any additional cause of action to it. The petition and *482 the answers and cross-petitions are quite lengthy, and contain a great many statements about the insolvency of the company, and the misconduct of its present board of directors and its officers, both as to past, present and probable future action; but in all this mass of allegation we fail to discover any cause of action. It would be all very good for the appointment of a receiver if there was a cause of action in which a receiver might be appointed. But if we áre right in our judgment, that plaintiff's cause of action is on a note for which he asks judgment, we do not think it is a case for a receiver before judgment.
B. M. Nevin and W. S. Porter, for Callahan and Receiver.
Thomas McDougall and Harmon, Colston, Goldsmith & Hoadly, and Burch & Johnson, for Ice Co
To appoint a receiver in an action at law for money, would be, in effect, granting an attachment, and we think this can not be done. If an attachment is desired, the statute provides in terms how this may be obtained. And it makes provision that covers plaintiff’s right in this action, but this was not availed of.
It seems to us, therefore, that the court was in error in appointing the receiver.